UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO. 1:10-cv-02088-AWI-SMS |
| Plaintiff, | |
| v. | ORDER STRIKING CERTAIN AFFIRMATIVE DEFENSES, WITH LEAVE TO AMEND |
| REFUGIO RAMIREZ, individually and d/b/a PIRATE PIZZA, | |
| Defendant. | (Doc. 7) |

Arguing that Defendant Refugio Ramirez ("Defendant") cannot interpose legally insufficient affirmative defenses, Plaintiff J & J Sports Productions, Inc., moves to strike Defendant's twenty affirmative defenses. Defendant has not opposed the motion. After full consideration of the record and applicable law, this Court strikes Defendant's affirmative defenses for failure to plead affirmative defenses with sufficient factual specificity to provide fair notice of the nature of those defenses.

I.   **Procedural and Factual Background**

On November 9, 2010, 2010, Plaintiff, a distributor of closed-circuit boxing telecasts filed suit, alleging that Defendant displayed a telecast in his commercial establishment without

1

securing a license to do so.  Plaintiff alleged four causes of action under the Communications Act of 1934 (47 U.S.C. §§ 605, *et seq.*), The Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. §§ 553, *et seq.*), and California Business and Professions Code § 17200.  It sought statutory damages, exemplary damages, punitive damages, cost, and attorneys' fees.

Defendant filed its answer on December 28, 2010.  On January 18, 2011, Plaintiff moved to strike Defendant's affirmative defenses.

## II.     Motions to Strike Affirmative Defenses

"The court may strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter."  F.R.Civ.P. 12(f).  A motion to strike is intended to avoid the expense in time and money associated with litigating spurious issues by disposing of spurious issues before trial.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

Whether to grant a motion to strike is a matter of the Court's discretion.  *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000).  A Court should proceed with caution in considering a motion to dismiss affirmative defenses.  *Simpson v. Alaska State Comm'n for Human Rights*, 423 F.Supp. 552, 554 (D. Alaska 1976), *aff'd*, 608 F.2d 1171 (1979).  The Court must view the challenged defense in the light most favorable to its proponent.  *Bank Tejarat v. Varsho-Saz*, 723 F.Supp. 516, 517 (C.D. Cal. 1989).

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny the plaintiff's right to recover, even if the allegations of the complaint are true."  *Federal Deposit Insurance Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal. 1987).  "A motion to

strike provides an early challenge to the legal sufficiency of a defense." *Bank Tejarat*, 723 F.Supp. at 517.  If the defense has any chance of succeeding on the merits, a defendant should be given a chance to prove its allegations.  *Id.; Grason Electric Co. v. Sacramento Municipal Utility Dist.,* 526 F.Supp. 276, 281 (E.D.Cal. 1981).  Nonetheless, if the affirmative defense can be resolved as a matter of law, the Court should do so early in the litigation to expedite the case's resolution, saving the parties time and money. *Grason Electric*, 526 F.Supp. at 281; *Purex Corp., Ltd. v. General Foods Corp.*, 318 F.Supp. 322, 323 (C.D.Cal. 1970).

The Court should not strike an affirmative defense if its insufficiency is not clearly apparent or if it raises factual issues that must be resolved by a hearing on the merits. *Federal Trade Comm'n v. Hang-Ups Art Enterprises, Inc.*, 1995 WL 914179 (C.D. Cal. September 27, 1995) (No. CV 95-0027 RMT (JGx)), *quoting* 5A Wright & Miller, *Federal Practice and Procedure*, Civil 2d § 1381 at 678.  If the Court strikes a defense, it should freely grant leave to amend unless amendment would prejudice the opposing party. *Qarbon.Com Inc. v. EHelp Corp.*, 315 F.Supp.2d 1046, 1049 (N.D. Cal. 2004).

**III.     Pleading Standards**

Recent federal case law has tightened pleading standards for complaints to require plaintiffs to set forth a legal and factual basis for each claim.  Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are

not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949**.**

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555 n. 3.

The Ninth Circuit has not yet applied the standards of *Iqbal* and *Twombly* to affirmative defenses.  In response to a pleading, however, a defendant's answer must meet nearly the same requirement, "stat[ing] in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).  The answer must also "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).  As is the case with Rule 8(a), the traditional test of an affirmative defense's sufficiency is whether it gives the plaintiff  "fair notice" of the basis of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). *See also Woodfield v.*

*Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (noting that "a defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced); *Qarbon.Com*, 315 F.Supp.2d at 1048 (noting that affirmative defenses are governed by the pleading standards of F.R.Civ.P. 8(b)).  If the affirmative defense does no more than state a legal conclusion or theory without the support of facts connecting it to the pending case, it is insufficient and cannot survive a motion to strike.  *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The mere naming of broad affirmative defenses, such as "accord and satisfaction," or "waiver and/or release," is generally insufficient to give a plaintiff fair notice of the defense.  *Woodfield*, 193 F.3d at 362.

Defendant here alleges no more than "mere labels and conclusions" with no factual allegations to provide a clue to the nature of the defenses it intends to allege.  In the absence of supporting facts, Defendant fails to provide fair notice of the defenses it is alleging.  This Court declines Plaintiff's invitation to speculate on the legal sufficiency of these uncertain defenses, particularly with regard to legal challenges that would require the Court to speculate on the intended bases of the defenses.

## V.     Conclusion and Order

The Court hereby strikes Defendant's affirmative defenses for failure to allege factual bases for such defenses sufficient to provide fair notice of the defenses being alleged.  The Court will provide Defendant with the opportunity to file an amended answer curing the deficiencies in the challenged affirmative defenses as identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Defendant may not add new, unrelated defenses to its amended answer.

Defendant is reminded that an amended pleading supercedes the original pleading, and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Any defense which is not set forth in the amended answer shall be deemed abandoned.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's affirmative defenses are stricken with leave to amend for failure to state each defense with specificity;

2. Within **thirty (30) days** from the date of service of this order, Defendant may file an amended answer alleging specific factual bases for its affirmative defenses; and

3. If Defendant fails to file an amended answer within **thirty (30) days** from the date of service of this order, the existing answer shall proceed, with the affirmative defenses having been stricken.

IT IS SO ORDERED.


Dated:   March 22, 2011                     /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE